Bruno C. Bier (bb-1633)
38 West 32nd Street, Suite 1511
New York, New York 10001
t: (212) 481-4900
f: (212) 481-9227

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

ISIDRA B. TUBURAN, ROSALINA D. QUILARIO,
and WENDOLEN O. ALMONTE,

                  Dkt. No. 12–cv–8561 (NRB)

                 Plaintiffs,

                  ANSWER
      -against-              AND COUNTERCLAIMS

RAINA MASSEY, JERRY SONA and CARE       Filed by ECF
WORLDWIDE, INC.,

                 Defendants.

-------------------------------------------------------------------x

      Defendants CARE WORLDWIDE, INC. and RAINA MASSEY, by and through

their attorney, Bruno C. Bier, and as and for their Answer and counterclaims to the

summons and Complaint of the plaintiffs, ISIDRA B. TUBURAN, ROSALINA D.

QUILARIO and WENDOLEN O. ALMONTE, dated November 24, 2012, (herein after

"Complaint"), alleges the following:

      1.     Denies the allegations contained in ¶ 1 of the Complaint.

      2.     Denies the allegations contained in ¶ 2 of the Complaint.

      3.     Denies the allegations contained in ¶ 3 of the Complaint.

      4.     Denies the allegations contained in ¶ 4 of the Complaint.

      5.     Denies the allegations contained in ¶ 5 of the Complaint.

6.      Denies the allegations contained in ¶ 6 of the Complaint.

7.      Denies the allegations contained in ¶ 7 of the Complaint.

8.      Denies the allegations contained in ¶ 8 of the Complaint.

9.      Denies the allegations contained in ¶ 9 of the Complaint.

10.     Denies the allegations contained in ¶ 10 of the Complaint, and refers all questions of law to the Court.

11.     Denies the allegations contained in ¶ 11 of the Complaint, and refers all questions of law to the Court.

12.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 12 of the Complaint, and refers all questions of law to the Court.

13.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 13 of the Complaint.

14.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 14 of the Complaint.

15.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 15 of the Complaint.

16.     Admits the allegations contained in ¶ 16 of the Complaint.

17.     Admits the allegations contained in ¶ 17 of the Complaint.

18.     Admits that Defendant Massey is the president of Defendant Care Worldwide and that she is of Indian descent as alleged in ¶ 18 of the Complaint, and admits that Massey is a medical doctor in India and has a doctorate in clinical psychology from the United States.

19.     Denies the allegations contained in ¶ 19 of the Complaint.

20.     Admits the allegations contained in ¶ 20 of the Complaint.

21.     Admits the allegations contained in ¶ 21 of the Complaint.

22.     Admits the allegations contained in ¶ 22 of the Complaint.

23.     Denies the allegations contained in ¶ 23 of the Complaint in that Plaintiffs were not employees of Defendant Sona, and Plaintiffs Quilario and Almonte were not employees of Defendants Massey and Care Worldwide.

24.     Denies the allegations contained in ¶ 24 of the Complaint in that Plaintiffs were not employees of Defendant Sona, and Plaintiffs Quilario and Almonte were not "employees" of Defendants Massey and Care Worldwide.

25.     Admits the allegations contained in ¶ 25 of the Complaint.

26.     Admits the allegations contained in ¶ 26 of the Complaint.

27.     Admits the allegations contained in ¶ 27 of the Complaint as to Defendants Massey and Care Worldwide; and denies the allegations contained in ¶ 27 of the Complaint as to Defendant Sona.

28.     Denies the allegations contained in ¶ 28 of the Complaint.

29.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 29 of the Complaint, and refers all questions of law to the Court.

30.     Denies the allegations contained in ¶ 30 of the Complaint as to Defendants Massey and Sona; and admits the allegations contained in ¶ 30 of the Complaint as to Defendant Care Worldwide, and refers all questions of law to the Court.

31.     Denies the allegations contained in ¶ 31 of the Complaint.

32.     Admits the allegations contained in ¶ 32 of the Complaint.

33.     Admits the allegations contained in ¶ 33 of the Complaint.

34.     Denies the allegations contained in ¶ 34 of the Complaint.

35.     Admits the allegations contained in ¶ 35 of the Complaint.

36.     Denies the allegations contained in ¶ 36 of the Complaint.

37.     Admits the allegations contained in ¶ 37 of the Complaint.

38.     Denies the allegations contained in ¶ 38 of the Complaint.

39.     Admits the allegations contained in ¶ 39 of the Complaint.

40.     Denies the allegations contained in ¶ 40 of the Complaint.

41.     Admits the allegations contained in ¶ 41 of the Complaint to the extent that immigration application fees are not supposed to be paid by H-1B beneficiaries, and are to be paid by the H1-B sponsoring employer.

42.     Denies the allegations contained in ¶ 42 of the Complaint.

43.     Denies the allegations contained in ¶ 43 of the Complaint, as they pertain to Defendant Sona, otherwise admits the allegations contained in ¶ 43 of the Complaint to the extent that processing may have been suspended until Defendant Care Worldwide submitted sufficient funds to cover checks to USCIS.

44.     Denies the allegations contained in ¶ 44 of the Complaint.

45.     Admits the allegations contained in ¶ 45 of the Complaint to the extent that there were more than "several" H-1B petitions approved.

46.     Admits the allegations contained in ¶ 46 of the Complaint to the extent that Defendant Massey in her capacity as president of Care Worldwide required prospective employees to undergo training before their H-1B applications were sent.

4

47.     Admits the allegations contained in ¶ 47 of the Complaint.

48.     Denies the allegations contained in ¶ 48 of the Complaint.

49.     Denies the allegations contained in ¶ 49 of the Complaint.

50.     Denies the allegations contained in ¶ 50 of the Complaint.

51.     Denies the allegations contained in ¶ 51 of the Complaint to the extent that

Defendant Massey informed Plaintiff Tuburan that "no other employer could hire her."

52.     Denies the allegations contained in ¶ 52 of the Complaint.

53.     Denies the allegations contained in ¶ 53 of the Complaint.

54.     Denies the allegations contained in ¶ 54 of the Complaint.

55.     Denies the allegations contained in ¶  55 of the Complaint.

56.     Denies the allegations contained in ¶ 56 of the Complaint.

57.     Denies the allegations contained in ¶ 57 of the Complaint.

58.     Denies the allegations contained in ¶ 58 of the Complaint.

59.     Denies the allegations contained in ¶ 59 of the Complaint.

60.     Denies the allegations contained in ¶ 60 of the Complaint.

61.     Denies the allegations contained in ¶ 61 of the Complaint.

62.     Denies the allegations contained in ¶ 62 of the Complaint.

63.      Denies the allegations contained in ¶ 63 of the Complaint.

64.     Denies the allegations contained in ¶ 64 of the Complaint.

65.     Denies the allegations contained in ¶ 65 of the Complaint.

66.     Denies knowledge or information sufficient to state a belief as to the truth

of the allegations contained in ¶ 66 of the Complaint.

67.     Denies the allegations contained in ¶ 67 of the Complaint to the extent that Plaintiff Tuburan was required to pay $2,270 "as discounted fee for immigration application, lawyer fees and evaluation fees."

68.     Admits the allegations contained in ¶ 68 of the Complaint.

69.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 69 of the Complaint as to where Plaintiff Tuburan obtained $2,270, but denies the $2,270 was "required as immigration sponsorship fees."

70.     Denies the allegations contained in ¶ 70 of the Complaint.

71.     Admits the allegations contained in ¶ 71 of the Complaint.

72.     Admits the allegations contained in ¶ 72 of the Complaint.

73.     Admits the allegations contained in ¶ 73 of the Complaint.

74.     Admits the allegations contained in ¶ 74 of the Complaint.

75.     Admits the allegations contained in ¶ 75 of the Complaint.

76.     Admits the allegations contained in ¶ 76 of the Complaint, but denies that Plaintiff Tuburan was required to pay an additional $3000 training fee.

77.     Admits the allegations contained in ¶ 77 of the Complaint.

78.     Admits the allegations contained in ¶ 78 of the Complaint.

79.     Denies the allegations contained in ¶ 79 of the Complaint.

80.     Denies the allegations contained in ¶ 80 of the Complaint.

81.     Denies the allegations contained in ¶ 81 of the Complaint.

82.     Admits the allegations contained in ¶ 82 of the Complaint.

83.     Denies the allegations contained in ¶ 83 of the Complaint.

84.     Admits the allegations contained in ¶ 84 of the Complaint.

85.     Admits the allegations contained in ¶ 85 of the Complaint.

86.     Admits the allegations contained in ¶ 86 of the Complaint.

87.     Denies the allegations contained in ¶ 87 of the Complaint.

88.     Denies the allegations contained in ¶ 88 of the Complaint.

89.     Denies the allegations contained in ¶ 89 of the Complaint.

90.     Denies the allegations contained in ¶ 90 of the Complaint.

91.     Denies the allegations contained in ¶ 91 of the Complaint.

92.     Denies the allegations contained in ¶ 92 of the Complaint.

93.     Admits the allegations contained in ¶ 93 of the Complaint.

94.     Denies the allegations contained in ¶ 94 of the Complaint.

95.     Denies the allegations contained in ¶ 95 of the Complaint to the extent that a pay check was ready for Plaintiff Tuburan, but she did not come to the office of Care Worldwide to collect her pay check.

96.     Denies the allegations contained in ¶ 96 of the Complaint.

97.     Denies the allegations contained in ¶ 97 of the Complaint.

98      Denies the allegations contained in ¶ 98 of the Complaint.

99.     Denies the allegations contained in ¶ 99 of the Complaint to the extent that it alleges that Plaintiff Tuburan worked for Defendants without pay, and denies knowledge or information sufficient to state a belief as to the truth of the remaining allegations contained in ¶ 99 of the Complaint.

100.    Admits the allegations contained in ¶ 100 to the extent that Plaintiff Tuburan did not come to the office of Care Worldwide to report for work after December

2009, and denies knowledge or information sufficient to state a belief as to the truth of the remaining allegations contained in ¶ 100 of the Complaint.

101.    Denies the allegations contained in ¶ 101 of the Complaint.

102.    Denies the allegations contained in ¶ 102 of the Complaint in that Defendants did not bounce many pay checks.

103.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 103 of the Complaint.

104.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 104 of the Complaint.

105.    Admits the allegations in ¶ 105 of the Complaint to the extent that either Defendant Massey or another representative of Care Worldwide interviewed Plaintiff Quilario and that she was qualified to be sponsored as a drug research associate.

106.    Denies the allegations contained in ¶ 106 of the Complaint.

107.    Admits the allegations contained in ¶ 107 of the Complaint to the extent that Plaintiff Quilario was required to undergo training and pay a training fee.

108.    Admits the allegations contained in ¶ 108 of the Complaint to the extent that Defendant Massey represented that Care Worldwide is a stable company and had secured at least 28 approved H-1B, but denies the remaining allegations contained in ¶ 108 of the Complaint.

109.    Admits the allegations contained in ¶ 109 of the Complaint.

110.    Denies the allegations contained in ¶ 110 of the Complaint to the extent that Plaintiff Quilario did not pay Defendants a required initial immigration fee of

$3,500, and denies knowledge or information sufficient to state a belief as to the truth of the remaining allegations contained in ¶ 110 of the Complaint.

111.    Admits the allegations contained in ¶ 111 of the Complaint.

112.    Admits the allegations contained in ¶ 112 of the Complaint.

113.    Admits the allegations contained in ¶ 113 of the Complaint as they pertain to Massey and Care Worldwide, but denies the allegations in ¶ 113 of the Complaint as they pertain to Defendant Sona.

114.    Admits the allegations contained in ¶ 114 of the Complaint.

115.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 115 of the Complaint.

116.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 116 of the Complaint.

117.    Denies the allegations contained in ¶ 117 of the Complaint.

118.    Denies the allegations contained in ¶ 118 of the Complaint.

119.    Admits the allegations contained in ¶ 119 of the Complaint to the extent that Plaintiff Quilario partially paid the training fee, and denies knowledge or information sufficient to state a belief as to the truth of the remaining allegations contained in ¶ 119 of the Complaint.

120.    Denies the allegations contained in ¶ 120 of the Complaint.

121.    Denies the allegations contained in ¶ 121 of the Complaint.

122.    Denies the allegations contained in ¶ 122 of the Complaint.

123.    Denies the allegations contained in ¶ 123 of the Complaint.

124.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 124 of the Complaint.

125.    Denies the allegations contained in ¶ 125 of the Complaint in that Defendant Massey did not bother to return Plaintiff Quilario's inquiries.

126.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 126 of the Complaint.

127.    Admits the allegations contained in ¶ 127 of the Complaint.

128.    Admits the allegations contained in ¶ 128 of the Complaint.

129.    Admits the allegations contained in ¶ 129 of the Complaint.

130.    Denies the allegation in ¶ 130 of the Complaint that the office was closed from April 6, 2010 to April 9, 2010, and denies knowledge or information sufficient to state a belief as to the truth of the remaining allegations contained in ¶ 130 of the Complaint.

131.    Denies the allegation in ¶ 131 of the Complaint that the office was closed, and denies knowledge or information sufficient to state a belief as to the truth of the remaining allegations contained in ¶ 131 of the Complaint.

132.    Denies the allegations contained in ¶ 132 of the Complaint.

133.    Denies the allegations contained in ¶ 133 of the Complaint.

134.    Denies the allegations contained in ¶ 134 of the Complaint.

135.    Denies the allegations contained in ¶ 135 of the Complaint.

136.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 136 of the Complaint.

137.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 137 of the Complaint.

138.     Admits the allegations in ¶ 138 of the Complaint to the extent that either Defendant Massey or another representative of Care Worldwide interviewed Plaintiff Almonte and that she was offered a position of clinical/medical research associate, but denies the allegations in ¶ 138 that Almonte was asked to pay an immigration application fee.

139.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 139 of the Complaint as to where Plaintiff Almonte obtained $3,500, but denies the allegation contained in ¶ 139 that the $3,500 was a required application fee.

140.     Denies the allegations contained in ¶ 140 of the Complaint.

141.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 141 of the Complaint.

142.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 142 of the Complaint.

143.     Denies the allegations contained in ¶ 143 of the Complaint.

144.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 144 of the Complaint.

145.     Denies the allegations contained in ¶ 145 of the Complaint.

146.     Admits the allegations contained in ¶ 146 of the Complaint.

147.     Admits the allegations contained in ¶ 147 of the Complaint.

148.     Admits the allegations contained in ¶ 148 of the Complaint.

149.    Admits the allegations contained in ¶ 149 of the Complaint.

150.    Admits the allegations contained in ¶ 150 of the Complaint.

151.    Admits the allegations contained in ¶ 151 of the Complaint.

152.    Denies the allegations contained in ¶ 152 of the Complaint.

153.    Denies the allegations contained in ¶ 153 of the Complaint.

154.    Denies the allegations contained in ¶ 154 of the Complaint.

155.    Denies the allegations contained in ¶ 155 of the Complaint.

156.    Denies the allegations contained in ¶ 156 of the Complaint.

157.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 157 of the Complaint.

158.    Denies the allegations contained in ¶ 158 of the Complaint.

159.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 159 of the Complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

160.    Regarding ¶ 160 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-159, as if fully set forth herein.

161.    Neither admits nor denies the allegations in ¶ 161 of the Complaint, and refers all matters of law to the Court.

162.    Neither admits nor denies the allegations in ¶ 162 of the Complaint, and refers all matters of law to the Court.

163.    Neither admits nor denies the allegations in ¶ 163 of the Complaint, and refers all matters of law to the Court.

164.    Denies the allegations contained in ¶ 164 of the Complaint, and refer all matters of law to the Court.

165.    Denies the allegations contained in ¶ 165 of the Complaint.

166.    Denies the allegations contained in ¶ 166 of the Complaint.

167.    Denies the allegations contained in ¶ 167 of the Complaint.

168.    Admits the allegations contained in ¶ 168 of the Complaint.

169.    Denies the allegations contained in ¶ 169 of the Complaint.

170.    Denies the allegations contained in ¶ 170 of the Complaint.

171.    Admits the allegations contained in ¶ 171 of the Complaint.

172.    Admits the allegations contained in ¶ 172 of the Complaint.

173.    Denies the allegations contained in ¶ 173 of the Complaint.

174.    Admits the allegations contained in ¶ 174 of the Complaint.

175.    Admits the allegations contained in ¶ 175 of the Complaint.

176.    Denies the allegation in ¶ 176 of the Complaint that Defendant Massey collected immigration application fees, and admits the allegation in ¶ 176 of the Complaint that Defendant Massey collected training fees.

177.    Denies the allegations contained in ¶ 177 of the Complaint.

178.    Denies the allegations contained in ¶ 178 of the Complaint.

179.    Admits the allegations contained in ¶ 179 of the Complaint.

180.    Admits the allegation contained in ¶ 180 of the Complaint that Defendant Care Worldwide employed Defendant Massey, and denies the allegation contained in ¶ 180 of the Complaint that Care Worldwide employed Defendant Sona.

181.    Denies the allegations contained in ¶ 181 of the Complaint.

182.     Denies the allegations contained in ¶ 182 of the Complaint.

183.     Denies the allegations contained in ¶ 183 of the Complaint.

184.     Denies the allegations contained in ¶ 184 of the Complaint.

185.     Denies the allegations contained in ¶ 185 of the Complaint.

186.     Denies the allegations contained in ¶ 186 of the Complaint.

187.     Denies the allegations contained in ¶ 187 of the Complaint.

188.     Denies the allegations contained in ¶ 188 of the Complaint.

189.     Denies the allegations contained in ¶ 189 of the Complaint.

190.     Denies the allegations contained in ¶ 190 of the Complaint.

191.     Denies the allegations contained in ¶ 191 of the Complaint.

192.     Denies the allegations contained in ¶ 192 of the Complaint.

193.     Denies the allegations contained in ¶ 193 of the Complaint.

194.     Denies the allegations contained in ¶ 194 of the Complaint.

195.     Denies the allegations contained in ¶ 195 of the Complaint.

196.     Denies the allegations contained in ¶ 196 of the Complaint.

197.     Denies the allegations contained in ¶ 197 of the Complaint.

198.     Admits the allegations contained in ¶ 198 of the Complaint.

199.     Admits the allegations contained in ¶ 199 of the Complaint.

200.     Admits the allegations contained in ¶ 200 of the Complaint.

201.     Admits the allegations contained in ¶ 201 of the Complaint.

202.     Denies the allegations contained in ¶ 202 of the Complaint as for
Defendants Sona and Massey; and, as for Defendant Care Worldwide, admits the

allegations contained in ¶ 202 of the Complaint as to Plaintiffs Quilario and Almonte, and denies the allegations in ¶ 202 of the Complaint as to Plaintiff Tuburan.

203.    Denies the allegations contained in ¶ 203 of the Complaint.

204.    Regarding ¶ 204 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-203, as if fully set forth herein, and denies the specific allegations contained in ¶ 204 of the Complaint.

205.    Denies the allegations contained in ¶ 205 of the Complaint.

206.    Denies the allegations contained in ¶ 206 of the Complaint.

207.    Denies the allegations contained in ¶ 207 of the Complaint.

208.    Denies the allegations contained in ¶ 208 of the Complaint.

209.    Regarding ¶ 209 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-208, as if fully set forth herein, and denies the specific allegations contained in ¶ 209 of the Complaint.

210.    Denies the allegations contained in ¶ 210 of the Complaint.

211.    Denies the allegations contained in ¶ 211 of the Complaint.

212.    Denies the allegations contained in ¶ 212 of the Complaint.

213.    Denies the allegations contained in ¶ 213 of the Complaint.

214.    Denies the allegations contained in ¶ 214 of the Complaint.

215.    Admits the allegations contained in ¶ 215 of the Complaint to the extent that Defendant Massey or another representative of Care Worldwide interviewed Plaintiffs or other applicants in New York, but denies the allegations contained in ¶ 215 of the Complaint that Defendant Massey interviewed Plaintiffs or other applicants in New Jersey.

216.     Admits the allegations contained in ¶ 216 of the Complaint to the extent that Defendant Sona traveled between India and the United States, but denies the allegation contained in ¶ 216 that the purpose of his travel was to collect training fees from Indian recruits.

217.     Denies the allegations contained in ¶ 217 of the Complaint.

218.     Denies the allegations contained in ¶ 218 of the Complaint.

219.     Denies the allegations contained in ¶ 219 of the Complaint.

220.     Denies the allegations contained in ¶ 220 of the Complaint.

221.     Denies the allegations contained in ¶ 221 of the Complaint.

222.     Denies the allegations contained in ¶ 222 of the Complaint.

223.     Denies the allegations contained in ¶ 223 of the Complaint.

224.     Denies the allegations contained in ¶ 224 of the Complaint.

225.     Denies the allegations contained in ¶ 225 of the Complaint.

226.     Denies the allegations contained in ¶ 226 of the Complaint.

227.     Denies the allegations contained in ¶ 227 of the Complaint.

228.     Denies the allegations contained in ¶ 228 of the Complaint.

229.     Denies the allegations contained in ¶ 229 of the Complaint.

230.     Denies the allegations contained in ¶ 230 of the Complaint.

231.     Denies the allegations contained in ¶ 231 of the Complaint.

232.     Denies the allegations contained in ¶ 232 of the Complaint.

233.     Denies the allegations contained in ¶ 233 of the Complaint.

234.     Denies the allegations contained in ¶ 234 of the Complaint.

235.     Denies the allegations contained in ¶ 235 of the Complaint.

236.    Denies the allegations contained in ¶ 236 of the Complaint.

237.    Denies the allegations contained in ¶ 237 of the Complaint.

238.    Denies the allegations contained in ¶ 238 of the Complaint.

239.    Denies the allegations contained in ¶ 239 of the Complaint.

240.    Denies the allegations contained in ¶ 240 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

241.    Regarding ¶ 241 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-240, as if fully set forth herein.

242.    Neither admits nor denies the allegations in ¶ 242 of the Complaint, and refers all matters of law to the Court.

243.    Neither admits nor denies the allegations in ¶ 243 of the Complaint, and refers all matters of law to the Court.

244.    Denies the allegations contained in ¶ 244 of the Complaint.

245.    Denies the allegations contained in ¶ 245 of the Complaint.

246.    Denies the allegations contained in ¶ 246 of the Complaint.

247.    Denies the allegations contained in ¶ 247 of the Complaint.

248.    Denies the allegations contained in ¶ 248 of the Complaint.

249.    Denies the allegations contained in ¶ 249 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

250.    Regarding ¶ 250 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-249, as if fully set forth herein.

251.    Neither admits nor denies the allegations in ¶ 251 of the Complaint, and refers all matters of law to the Court.

252.     Neither admits nor denies the allegations in ¶ 252 of the Complaint, and refers all matters of law to the Court.

253.     Denies the allegations contained in ¶ 253 of the Complaint.

254.     Denies the allegations contained in ¶ 254 of the Complaint.

255.     Denies the allegations contained in ¶ 255 of the Complaint.

256.     Denies the allegations contained in ¶ 256 of the Complaint.

257.     Denies the allegations contained in ¶ 257 of the Complaint.

258.     Denies the allegations contained in ¶ 258 of the Complaint.

259.     Denies the allegations contained in ¶ 259 of the Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

260.     Regarding ¶ 260 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-259, as if fully set forth herein.

261.     Neither admits nor denies the allegations in ¶ 261 of the Complaint, and refers all matters of law to the Court.

262.     Neither admits nor denies the allegations in ¶ 262 of the Complaint, and refers all matters of law to the Court.

263.     Denies the allegations contained in ¶ 263 of the Complaint.

264.     Denies the allegations contained in ¶ 264 of the Complaint.

265.     Admits the allegations contained in ¶ 265 of the Complaint to the extent that employees of Care Worldwide were given 8-hour work shift, but denies the allegations as to Plaintiff Tuburan being required to extend her work hours beyond forty hours.

266.     Denies the allegations contained in ¶ 266 of the Complaint.

267.     Denies the allegations contained in ¶ 267 of the Complaint.

268.     Denies the allegations contained in ¶ 268 of the Complaint.

269.     Denies the allegations contained in ¶ 269 of the Complaint.

270.     Denies the allegations contained in ¶ 270 of the Complaint.

271.     Denies the allegations contained in ¶ 271 of the Complaint.

272.     Denies the allegations contained in ¶ 272 of the Complaint.

**ANSWERING THE FIFTH CAUSE OF ACTION**

273.     Regarding ¶ 273 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-272, as if fully set forth herein.

274.     Admits the allegations contained in ¶ 274 of the Complaint to the extent that Defendant Care Worldwide offered Plaintiffs full-time employment at government approved rates and to obtain and maintain their immigration status and admits that Plaintiff Tuburan accepted said offer, but denies that Plaintiffs Quilario and Almonte accepted said offer.

275.     Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 275 of the Complaint, and denies that Plaintiffs were "suffered" to work or made to wait for work for Defendants as alleged in ¶ 275 of the Complaint.

276.     Denies the allegations contained in ¶ 276 of the Complaint.

277.     Denies the allegations contained in ¶ 277 of the Complaint.

278.     Denies the allegations contained in ¶ 278 of the Complaint.

279.     Denies the allegations contained in ¶ 279 of the Complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

280.   Regarding ¶ 280 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-279, as if fully set forth herein.

281.   Denies the allegations contained in ¶ 281 of the Complaint.

282.   Denies the allegations contained in ¶ 282 of the Complaint.

283.   Denies the allegations contained in ¶ 283 of the Complaint.

284.   Denies the allegations contained in ¶ 284 of the Complaint.

285.   Denies the allegations contained in ¶ 285 of the Complaint.

286.   Denies the allegations contained in ¶ 286 of the Complaint.

287.   Denies the allegations contained in ¶ 287 of the Complaint.

288.   Denies the allegations contained in ¶ 288 of the Complaint.

289.   Denies the allegations contained in ¶ 289 of the Complaint.

290.   Denies the allegations contained in ¶ 290 of the Complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

291.   Regarding ¶ 291 of the Complaint, repeats and re-alleges each and every previous admission and denial set forth in paragraphs 1-290, as if fully set forth herein.

292.   Denies the allegations contained in ¶ 292 of the Complaint as for Defendant Sona; and as for Defendants Massey and Care Worldwide admits the allegation in ¶ 292 that Plaintiff Tuburan was an employee of and sponsored by Care Worldwide, and admits the allegations in ¶ 292 only to the extent that Plaintiffs Quilario and Almonte were prospective employees of and sponsored by Care Worldwide. Nevertheless, Defendants Massey and Care Worldwide admit to having a duty to provide correct information as alleged in ¶ 292.

20

293.    Denies the allegations contained in ¶ 293 of the Complaint.

294.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 294 of the Complaint.

295.    Denies the allegations contained in ¶ 295 of the Complaint.

296.    Denies knowledge or information sufficient to state a belief as to the truth of the allegations contained in ¶ 296 of the Complaint.

297.    Denies the allegations contained in ¶ 297 of the Complaint.

298.    Denies the allegations contained in ¶ 298 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

299.    The Complaint is barred, in whole or in part, by documentary evidence.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

300.    The Court does not have jurisdiction of the person of the defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

301.    Plaintiffs materially breached any and all agreements or transactions entered into with answering defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

302.    The terms and the conditions of the parties' agreements bars any of the claims contained in the Complaint.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

303.    The Complaint is barred, in whole or in part, by the doctrine of accord and satisfaction.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

304.    Plaintiffs materially breached the implied covenant of good faith and fair dealing of the agreements or transactions entered into with the answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

305.    The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

306.    Any claims for equitable relief are barred by the doctrine of unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

307.    The Complaint is barred, in whole or in part, by the applicable statute of frauds.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

308.    The Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FIRST COUNTERCLAIM
### Tortious Interference With Business Relations As To Isidra Tuburan

309.    Care Worldwide repeats and re-alleges each and every previous allegation set forth in paragraphs 1-308, as if fully set forth herein.

310.    Defendant Raina Massey ("Massey") is president of Defendant Care Worldwide Inc. ("Care Worldwide") and at all relevant times has acted only in her capacity as an officer of Defendant Care Worldwide.  Massey is an adult individual residing in Nassau County.

311.    Defendant Care Worldwide is a New Jersey corporation registered as a foreign business corporation doing business in the state of New York with offices at  24

Commerce Street, Suite 525, Newark New Jersey 07102.  From about March 2009 until August 2011, Defendant Care Worldwide had offices at 38 West 32nd Street, Suite 405, New York, New York 10001.

312.    Defendant Care Worldwide is a clinical research organization and healthcare company.  Defendant Care Worldwide provides healthcare-related services including clinical research, clinical site development, patient recruitment, diagnostic kits and on-the-job training.

313.    In the year 2011, Defendant Care Worldwide employed approximately 14 people in the United States and generated gross revenues of approximately $862,000.

314.    Plaintiff Tuburan was hired by Defendant Care Worldwide in October 2009 as a Clinical Research Associate.  Her duties as a Clinical Research Associate was to screen clinical research coordinators and clinical investigators, and prepare clinical sites for clinical trials.  In November 2009, Plaintiff Tuburan became a Project Manager, and her duties included managing recruitment of clinical research team, supervising requirements requested by pharmaceutical companies and clinical research organizations. Plaintiff Tuburan's duties also included forwarding to Defendant Massey a copy of all correspondence between Plaintiff Tuburan and the Indian project managers and coordinators.

315.    Upon information and belief, in December 2009, Indian project manager, Dr. A.A. Anand received a request from Kemin Pharmaceuticals, Inc. for Defendant Care Worldwide to do a study feasibility for clinical trials for medication for Ulcerative Colitis and Allergic Rhinitis.  The contract for both studies called for Kemin Pharmaceuticals, Inc. to pay Care Worldwide a total of approximately $500,000.   Dr. A.A. Anand

informed Plaintiff Tuburan that the deadline to submit the completed feasibility studies to Kemin Pharmaceuticals, Inc. was January 10, 2010.

316.    Upon information and belief, Plaintiff Tuburan willfully, knowingly and intentionally failed to provide a copy of correspondence between Plaintiff Tuburan and Dr. A.A. Anand regarding the deadline of January 10, 2010 for completion of the feasibility studies to Kemin Pharmaceuticals, Inc..  Also, Plaintiff Tuburan willfully, knowingly and intentionally failed to disclose to Defendant Massey and Defendant Care Worldwide the deadline of January 10, 2010 for completion of the feasibility studies to Kemin Pharmaceuticals, Inc..  As a result of Plaintiff Tuburan's willful, knowing and intentional failure to disclose the deadline of January 10, 2010, Defendant Care Worldwide did not complete the feasibility study by said deadline and lost the contract.

317.    Upon information and belief Indian project manager, in January 2010, Dr. A.A. Anand received a request from Quintiles India, for Defendant Care Worldwide to do a study feasibility for cardiology clinical trials, dermatology clinical trials, and rheumatoid arthritis clinical trials.  The contract for all three studies called for Quintiles India was to pay Care Worldwide a total of approximately $5,000,000.

318.    Upon information and belief Indian project manager, in January 2010, Dr. A.A. Anand received a request from i3 Research, for Defendant Care Worldwide to do a study feasibility for gastric cancer clinical trials.  The contract for the studies called for i3 Research was to pay Care Worldwide a total of approximately $5,000,000.

319.    Upon information and belief, from about December 2009 to May 2010, Plaintiff Tuburan willfully, knowingly and intentionally sent malicious misrepresentations by email correspondence to Indian project managers, including Dr.

A.A. Anand, and coordinators, including Chiranjeeb Mohanty, that Defendant Care Worldwide was a "fraud and a scam" and that the India project managers and coordinators should not give any clinical trial contracts to Defendant Care Worldwide.

320.   Upon information and belief, from about December 2009 to May 2010, Plaintiff Tuburan willfully, knowingly and intentionally sent, or caused to be sent by her agents or representatives, malicious misrepresentations by email correspondence to Kemin Pharmaceuticals, Inc., Quintiles India and i3 Research, that Defendant Care Worldwide was a "fraud and a scam" and that these companies should not give any clinical trial contracts to Defendant Care Worldwide.

321.   As a result of Plaintiff Tuburan's malicious misrepresentations to the Indian project managers and coordinators that Defendants Massey and Care Worldwide were a "fraud and a scam," employees of Care Worldwide in India quit and the project managers and coordinators could not screen clinical sites and investigators on a timely basis to meet the January 10, 2010 deadline set by Kemin Pharmaceuticals and Defendant Care Worldwide lost the contract.   Also, the project managers and coordinators could not screen clinical sites and investigators on a timely basis for the Quintiles India projects and i3 Research projects and Defendant Care Worldwide lost those contracts.

322.   Upon information and belief:

a)      The Quintiles India clinical trials were to be conducted for and payment made to Care Worldwide for $5,000,000, and this clinical trial was lost due to the tortious interference of business relations by Plaintiff Tuburan;

b)      The i3 Research clinical trial was to be conducted for and payment made to Care Worldwide for $5,000,000, and this clinical trial was lost due to the tortious interference of business relations by Plaintiff Tuburan

c)      The Kemin Pharmaceuticals, Inc. clinical trial was to be conducted for and payment made to Care Worldwide for $500,000, and this clinical trial was lost due to the tortious interference of business relations by Plaintiff Tuburan.

323.    Due to Plaintiff Tuburan's tortious interference of business relations, Plaintiff Tuburan is liable to Care Worldwide for $10,500,000.

## AS AND FOR A SECOND COUNTERCLAIM
### Libel As To Isidra Tuburan

324.    Care Worldwide repeats and re-alleges each and every previous allegation set forth in paragraphs 1-323, as if fully set forth herein.

325.    Upon information and belief, from about December 2009 to May 2010, Plaintiff Tuburan willfully, knowingly and intentionally sent malicious misrepresentations by email correspondence to Indian project managers, including Dr. A.A. Anand, and coordinators, including Chiranjeeb Mohanty, that Defendant Care Worldwide was a "fraud and a scam" and that the India project managers and coordinators should not give any clinical trial contracts to Defendant Care Worldwide.

326.    Upon information and belief, from about December 2009 to May 2010, Plaintiff Tuburan willfully, knowingly and intentionally sent, or caused to be sent by her agents or representatives, malicious misrepresentations by email correspondence to Kemin Pharmaceuticals, Inc., Quintiles India and i3 Research, that Defendant Care Worldwide was a "fraud and a scam" and that these companies should not give any clinical trial contracts to Defendant Care Worldwide.

327. As a result of Plaintiff Tuburan's malicious misrepresentations to the Indian project managers and coordinators that Defendants Massey and Care Worldwide were a "fraud and a scam," employees of Care Worldwide in India quit and the project managers and coordinators could not screen clinical sites and investigators on a timely basis to meet the January 10, 2010 deadline set by Kemin Pharmaceuticals and Defendant Care Worldwide lost the contract.   Also, the project managers and coordinators could not screen clinical sites and investigators on a timely basis for the Quintiles India projects and i3 Research projects and Defendant Care Worldwide lost those contracts.

328. Upon information and belief:

a)      The Quintiles India clinical trials were to be conducted for and payment made to Care Worldwide for $5,000,000, and this clinical trial was lost due to the libelous statements of Plaintiff Tuburan;

b)      The i3 Research clinical trial was to be conducted for and payment made to Care Worldwide for $5,000,000, and this clinical trial was lost due to the libel statements of Plaintiff Tuburan

c)      The Kemin Pharmaceuticals, Inc. clinical trial was to be conducted for and payment made to Care Worldwide for $500,000, and this clinical trial was lost due to the libelous statements of Plaintiff Tuburan.

329. Due to Plaintiff Tuburan's libelous statements, Plaintiff Tuburan is liable to Care Worldwide for $10,500,000.

### AS AND FOR A THIRD COUNTERCLAIM
### Libel As To Rosalina Quilario and Wendolen Almonte

330. Care Worldwide repeats and re-alleges each and every previous allegation set forth in paragraphs 1-328, as if fully set forth herein.

331.    Upon information and belief, Plaintiffs Quilario and Almonte have been on a campaign to misrepresent Defendants Massey and Care Worldwide as fraudulent and engaged in criminal enterprise.  To that end, on or about December 26, 2012, Plaintiffs Quilario and Almonte conducted interviews with Filipino news service Balitang America knowing that their interviews would be broadcast on television and the internet. In the interviews which were broadcast on television and on the internet, including the website of Balitang America and on Youtube, Plaintiffs Quilario and Almonte falsely stated that Defendant Massey "lied to me for all the jobs that she promised." The attorney for Plaintiffs Quilario and Almonte, Felix Q. Vinluan, acting the capacity of their agent and representative, stated in the same broadcast that "Doctor Massey wouldn't answer them anymore, instead she shouted at them, she threatened them (that) if they kept on complaining about the lack of work that she could withdraw or revoke the H-1B approvals, so most of these beneficiaries stopped complaining because of the fear that they would lose their immigration status."

332.    In January 2013, Plaintiffs Quilario and Almonte sent, or directed their agents or representatives to send, threatening emails to employees of Defendant Care Worldwide stating  "my friend you should know, … [a] system of criminal investigation has begun on Raina Sona Massey and Care Worldwide Inc. She shall be arrested before this week is over for racketeer influenced and corrupt organizations….Raina Sona Massey has stolen from many of my people and ruined their lives. She will not do this to my people anymore."

333.    Due to this campaign of harassment and intimidation of the employees of Defendant Care Worldwide by the libelous statements of Plaintiffs Quilario and Almonte,

three employees of the company have stopped coming to work out of fear that they will be arrested for being employed by a fraudulent company.   With the loss of these employees, Defendant Care Worldwide is unable to process project work orders.  As a result, Defendant Care Worldwide has lost $50,000 a day from January 7, 2013 when the three employees refused to return to work out of fear that they would be arrested.

334.   Hence, as a result of their libelous statements, Plaintiffs Quilario and Almonte are jointly and severally liable to Care Worldwide for $550,000.

WHEREFORE, Defendants respectfully prays to this Court as follows:

1)      A judgment dismissing the Complaint in its entirety;

2)      On the First Counterclaim, a judgment against Plaintiff Tuburan for $10,500,000.

3)      On the Second Counterclaim, a judgment against Plaintiff Tuburan for $10,500,000;

4)      On the Fourth Counterclaim, a judgment against Plaintiffs Quilario and Almonte for $550,000;

5)      Costs and disbursements; and

6)      Such other and further relief as may be deemed just and equitable.

Dated: January 18, 2013
       New York, New York

LAW OFFICE OF BRUNO C. BIER, ESQ.

s/Bruno C. Bier_____
Bruno C. Bier (BB-1633)
Attorney for Defendants
38 West 32nd Street, Suite #1511
New York, New York 10001
(212) 481-4900

29